## COMMONWEALTH vs. MICHAEL TRAVERSE.

A complaint alleging that the defendant was a common seller of intoxicating liquors " on the third day of April in the year of our Lord eighteen hundred and sixty-five, within six months last past," can only be supported by proof that he was a common seller on said third day of April.

COMPLAINT dated April 3d 1865, charging that the defendant " on the third day of April in the year of our Lord eighteen hundred and sixty-five, at Newton in the county of Middlesex, within six months last past," was a common seller of intoxicating liquors in violation of law.

At the trial in the superior court, before *Wilkinson*, J., on appeal from the judgment of the magistrate, convicting the defendant, the district attorney offered no evidence of sales on the 3d of April 1865, but relied upon evidence of sales made at several times within six months before that day. The defendant objected to this evidence, but it was admitted, and the defendant was found guilty, and alleged exceptions.

*R. D. Smith*, for the defendant.

·*Reed*, A. G., for the Commonwealth.

DEWEY, J. A well settled distinction has long prevailed as to the mode of alleging the time of the commission of an offence which consists of a single act, and that adopted in that class of cases where the alleged offence consists of a series of distinct acts. In the former, the precise day alleged is not material, and the evidence of such single act before or since the day alleged, if before the finding of the indictment, and within the period permitted by the statute of limitations, is sufficient.

On the other hand, in the cases where the offence consists of a series of acts, the practice is to allege the same to have been committed on a certain day named, and on divers days an_ times between that day and some subsequent day named. The allegation that the acts were done between a certain day named and the day of the finding of the indictment has also been held sufficiently to designate the time of the commission of the offence. This form of stating the time, as allowed in this class

Commonwealth *v.* Traverse.

of cases, gives to the prosecutor great latitude in the allegation of time, but, having fixed it by the indictment, the government is bound by it. And this has been held to be the rule where the acts constituting such offence are alleged to have been committed on a certain day named. The evidence must be confined to that day, and evidence of the commission of the offence before or after that day is incompetent. *Commonwealth* v. *Elwell*, 1 Gray, 462. *Commonwealth* v. *Gardner*, 7 Gray, 494. *Commonwealth* v. *Sullivan*, 5 Allen, 513.

The further inquiry is, whether this complaint has properly charged an offence on any other day than the third day of April. We are not disposed to favor any greater laxity in the form of the indictment in this class of cases than has been already sanctioned. Here the usual order of such allegation of the time is reversed. Instead of alleging the commission of the offence on a certain day, and on divers days and times subsequently between that day and a day named, the allegation is "within six months last past." We do not say that this charge would be fatally bad, had there been no other defect in stating the time. But there is no connecting word between the allegation of an offence committed on the third of April, and the further allegation, " within six months last past." It may be read as an averment that the third day of April was within six months last past. We think the only offence properly charged here is that of being a common seller of intoxicating liquors on April 3d 1865. As already stated, the allegation as to time is a material one, and the government must prove the offence to have been committed on that day       *Exceptions sustained.*